IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM L.A. CHURCH, )
)
    Petitioner, )
v. )   Civil Action No. 3:15CV320–HEH
)
DIRECTOR, VIRGINIA DEPT., )
CORRECTIONS, *et al.*, )
)
    Respondent. )

## MEMORANDUM OPINION
(Dismissing Frivolous and Improper 28 U.S.C. § 2241 Petition)

William L.A. Church, a Virginia inmate currently confined in Oklahoma, filed this 28 U.S.C. § 2241 petition ("§ 2241 Petition," ECF No. 6).[1] Church is serving consecutive sentences of twenty-five years and life for his convictions of sodomy and rape in the Circuit Court of Amelia County, Virginia. *See Church v. Okla. Corr'l Indus.*, No. CIV–10–1111–R, 2011 WL 4376222, at *1 (W.D. Okla. Aug. 15, 2011). In this petition, Church claims to challenge the execution of his sentence, the validity of his

---

[1] That statute provides, in pertinent part:

  (c) The writ of habeas corpus shall not extend to a prisoner unless—
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

conviction, and "identity theft! Illegally detained! I am not the person tried, convicted or sentenced in Virginia." (§ 2241 Pet. 2.)[2]

Church has a long history of filing frivolous actions involving "false tales of service for various military and governmental agencies and conspiracies to detain him in prison." *Church v. U.S. Government*, No. 3:07CV129–HEH, 2008 WL 5704482, at *2 (E.D. Va. Jan. 29, 2008) (citing cases). As background, the basis of his many actions stem from a theory that "he is wrongly incarcerated as a result of a government conspiracy" wherein the government picked him up, trained him, and "replaced him with a 'body double' who he refers to as 'Big Church.'" *Id.* Church then "alleges that Big Church committed various crimes throughout the United States and these crimes were blamed on the real Church." *Id.*; *see also Church*, 2011 WL 4376222, at *3 (explaining that Church claims "he is being wrongfully incarcerated due to mistaken identity" and "he is not the William Church guilty of the Virginia convictions"). The current case is yet another frivolous attempt to challenge his conviction and confinement. Church now claims:

> I got switched out and mixed up with a Virginia prisoner who was a gov. informant who used my-a-identity. I was picked up on base at Ft. Bragg, NC., then brought to Oklahoma DOC and switched out with the Virginia prisoner. I have reported this continuously without ceasing since 1996! No one will do anything.

(§ 2241 Pet. 1.)

---

[2] The Court corrects the capitalization, spelling, and punctuation, and removes the emphasis from quotations from Church's petition.

In his Grounds for Relief Section, Church raises far-flung claims of three types. First, Church challenges the destruction of evidence or requests the testing of certain evidence related to his convictions. For example, Church seeks "testing, lineup, scientific, biological to prove actual innocence; penis severed and burnt! 85 % impotence, size, length, etc. to obtain evidence to reopen cases with and to substantiate the claims at hand at this court's bar." (*Id.* at 14.) In the next series of claims, Church claims that the Virginia Parole Board wrongfully denied him parole. (*See id.* at 14–15.) Finally, Church seemingly challenges his conditions of confinement. For example, Church claims that he has been denied access to the law library and the courts. (*See id.* at 16)

Church demands the following relief: "prohibit[ing] any party, victim, victim family, wife, ex-wife, my family from seeing me—petitioner—or the picture photographs of any William L. Church involved in this case [and] prohibit[ing] in court and suggestive identification in any form"; "an in person lineup, identification as quickly as possible"; "order[ing] Petitioner examinations and testing which will substantiate his claims, complaints, actual innocence allowing him to reopen his case"; ordering the Virginia Department of Corrections to issue him identification and legal assistance; and requiring the Virginia Parole Board to allow him to review records and reconsider him for parole. (*Id.* at 8, 17–18.)

"[T]he settled rules [provide] that *habeas corpus* relief is appropriate only when a prisoner attacks the fact or duration of confinement; whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought pursuant to § 1983." *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695

3

(E.D. Va. 2005) (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)) (internal citations omitted). To the extent Church attacks his conditions of confinement or the decision to deny him parole, he may not use § 2241 Petition to bring such claims.

On the first page of Church's § 2241 Petition, he indicates that he is improperly detained because he "[is] not the one convicted or sentenced." (§ 2241 Pet. 1.) To the extent that Church seeks relief available in § 2241, his attacks on the fact or duration of his confinement based on his theory that he is not the William Church who committed rape and sodomy, are entirely frivolous.

Moreover, any attack on his 1983 convictions and sentence for sodomy and rape in the Circuit Court of Amelia County, Virginia, must be brought pursuant to 28 U.S.C. § 2254. *See Huff v. Virginia*, No. 3:07CV691, 2008 WL 2674030, at *2 (E.D. Va. July 7, 2008) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003)). By Memorandum Opinion and Order entered March 14, 1990, the Court previously dismissed a 28 U.S.C. § 2254 petition challenging these convictions. *Church v. Thompson*, No. 3:89CV537, at 1–10 (E.D. Va. Mar. 14, 1990).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.

4

§ 2244(b)(3)(A). Because Church has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition challenging his convictions and sentence, this Court lacks jurisdiction to entertain the present § 2254 petition. Accordingly, to the extent he seeks to attach his 1983 conviction and sentence, the action will be dismissed for lack of jurisdiction.

Church's § 2241 Petition will be denied. The action will be dismissed. The Court will deny a certificate of appealability.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: March 15, 2016
Richmond, Virginia

5