IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM L.A. CHURCH, )
)
    Petitioner, )
v. ) Civil Action No. 3:15CV320–HEH
)
DIRECTOR, VIRGINIA DEPT., )
CORRECTIONS, *et al.*, )
)
    Respondent. )

## MEMORANDUM OPINION
(Denying Motion for Reconsideration)

William L.A. Church, a Virginia inmate currently confined in Oklahoma, filed this 28 U.S.C. § 2241 petition ("§ 2241 Petition," ECF No. 6).[1] Church is serving consecutive sentences of twenty-five years and life for his convictions of sodomy and rape in the Circuit Court of Amelia County, Virginia. *See Church v. Okla. Corr'l Indus.*, No. CIV–10–1111–R, 2011 WL 4376222, at *1 (W.D. Okla. Aug. 15, 2011). In his petition, Church claimed to challenge the execution of his sentence, the validity of his conviction, and "identity theft! Illegally detained! I am not the person tried, convicted or

---

[1] That statute provides, in pertinent part:

  (c) The writ of habeas corpus shall not extend to a prisoner unless—
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

sentenced in Virginia." (§ 2241 Pet. 2.)[2] By Memorandum Opinion and Order entered on March 16, 2016, the Court denied the § 2241 Petition and dismissed the action as yet another frivolous attempt to challenge his conviction and confinement. (ECF Nos. 11, 12.)

On March 28, 2016, the Court received from Church a "Motion for a 30 day Extension to File Objections." (ECF No. 13.) On March 31, 2016, Church filed a document entitled "Objections and Motion to Reconsider" (ECF Nos. 14) and a "Motion for Permission to Submit: The Exhibits, Affidavit, Documentation, and a Brief . . . ." ("Motion for Permission," ECF No. 15.) The Court construes Church's "Objections and Motion to Reconsider" as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) because it was filed within twenty-eight days of the March 16, 2016 Memorandum Opinion and Order. *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Although Church fails to identify on what ground he seeks relief, he apparently argues that Rule 59(e) relief should be granted to correct an error of law or to

---

[2] The Court corrects the capitalization, spelling, and punctuation, and removes the emphasis from quotations from Church's submissions.

prevent manifest injustice. Church "objects to this Court['s] . . . prefixed, premade decisions and beliefs creating a bias and prejudice closing the doors of justice in my face equating to a miscarriage of justice." (Objs. & Mot. Reconsider 2.) Church then recites the Court's conclusions that he cannot challenge his conditions of confinement by way of habeas, and any attempt to challenge his conviction and sentence is an unauthorized and successive habeas petition. Church vaguely asserts that "habeas 28 USC 2241 is the proper remedy." (*Id.* at 3.) Church then provides a lengthy list of issues he believes that he can raise in habeas and should be allowed to challenge here. (*Id.* at 3–7.)

Despite Church's apparent belief that he has been wronged, he fails to identify any clear error of law or any other basis for granting Rule 59(e) relief. Accordingly, Church's "Objections and Motion to Reconsider" (ECF Nos. 14) will be denied. The Court fails to discern, and Church fails to demonstrate any need to submit exhibits in this closed action. Accordingly, Church's Motion for Permission (ECF No. 15) will be denied. Church's "Motion for a 30 day Extension to File Objections" (ECF No. 13) will be denied as moot.

Church also asks the Court, in the alternative, to permit him to proceed with this action as one brought pursuant to 42 U.S.C. § 1983. Church remains free to file a new 42 U.S.C. § 1983 action in this Court. The Court will process a 42 U.S.C. § 1983 action from Church provided that it raises only a challenge to the conditions of his confinement.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Sept. 22 2016
Richmond, Virginia

3